UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD E. GREEN                                                           CIVIL ACTION

VERSUS                                                                  NO. 12-2870

LAFOURCHE PARISH                                                        SECTION: "R"(3)
DETENTION CENTER, ET AL.

REPORT AND RECOMMENDATION

Plaintiff, Chad E. Green, a state inmate, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Lafourche Parish Detention Center, Sheriff Webre, Sergeant Larry Mosley, Major Rene Brinkley, and Sergeant Westbrook. Plaintiff was denied pauper status, but he subsequently paid the required filing fee.

Plaintiff has filed motions for the entry of a default and a default judgment.[1] However, for the following reasons, it is clear that the defendants were never technically in default and, in any event, a default judgment would not be appropriate.

First, because plaintiff is an inmate, his civil action is subject to the Prison Litigation Reform Act of 1995 ("PLRA"). "[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply

---

[1] Rec. Docs. 14, 15 and 18.

does not constitute an admission of the allegations in the complaint." Jones v. Bock, 549 U.S. 199, 213-14 (2007); 42 U.S.C. § 1997e(g)(1). In the instant case, the Court never entered an order directing the defendants to respond to the complaint, and, therefore, they were not in default. See, e.g., McCurdy v. Johnson, No. 2:08-cv-01767, 2012 WL 3135906, at *1-2 (D. Nev. Aug. 1, 2012).

Second, even if the defendants had been in default, and even if a default had been entered, entry of a default judgment still would not be warranted. Entry of a default judgment is matter of discretion, and "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotation marks, brackets, and citations omitted); Griffin v. Foti, Civ. Action No. 03-1274, 2003 WL 22836493, at *1 (E.D. La. Nov. 24, 2003). A default judgment certainly is not appropriate in a case such as this one, especially in light of the fact that the defendants have now voluntarily filed an answer indicating that they intend to vigorously defend this lawsuit. Moreover, in any event, the entry of a default judgment would run afoul of the PLRA's express prohibition against awarding an inmate plaintiff relief without a reply from the defendant. 42 U.S.C. § 1997e(g)(1); see McCurdy, 2012 WL 3135906, at *2; Thomas v. Lawler, Civ. Action No. 1:10-CV-2437, 2012 WL 2367173, at *2 (M.D. Pa. June 21, 2012).

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's motions for the entry of a default and a default judgment, Rec. Docs. 14, 15 and 18, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this eighteenth day of April, 2013.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.