UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD E. GREEN                                                    CIVIL ACTION

VERSUS                                                         NO. 12-2870

LAFOURCHE PARISH                              SECTION: "R"(3)
DETENTION CENTER, ET AL.

## REPORT AND RECOMMENDATION

      Plaintiff, Chad E. Green, filed this *pro se* complaint against the Lafourche Parish Detention Center, Sheriff Craig Webre, Sergeant Larry Mosley, Major Andrea Brinkley, and Officer Cameron Westbrook. Plaintiff has now filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rec. Doc. 22.

      The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).

      Far from meeting the foregoing burden, plaintiff in fact notes in his motion that a genuine issue of material fact is disputed in this case. Rec. Doc. 22-2, p. 4. Therefore, summary judgment

obviously is not warranted. Rather, the facts of this case should be developed and considered by the Court in due course.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion for summary judgment, Rec. Doc. 22, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this thirtieth day of July, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.